**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | |
|---|---|
| John Bain, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | **COMPLAINT** |
| Westlake Services, LLC, MVConnect, § | Jury Trial Demanded |
| Inc., and Jason Cory Foreman DBA § | |
| Dust Bowl Transportation & § | |
| Recovery, § | |
| § | |
| Defendants. § | |

**NATURE OF ACTION**

1. Plaintiff John Bain brings this action against Westlake Services, LLC ("Westlake"), MVConnect, Inc. ("MVC"), and Jason Cory Foreman DBA Dust Bowl Transportation & Recovery ("Dust Bowl") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

1

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

6. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

7. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

8. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

9. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds

2

that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

10. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in San Angelo, Texas.

12. Plaintiff is allegedly obligated to pay a debt.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Westlake is a California limited liability company that operates in this district.

15. Westlake regularly purchases consumer paper in the form of automobile loans.

16. MVC is an Illinois corporation that does business in Texas.

17. At all relevant times, MVC was acting as a repossession agent working at the behest of Westlake.

18. At all relevant times, MVC was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

19. MVC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Dust Bowl is a sole proprietorship operated by Cory Foreman.

21. Foreman, operating as Dust Bowl, has been issued Texas Department of Licensing and Regulation towing license 006588269C.

22. Foreman, operating as Dust Bowl, has been issued U.S. Department of Transportation Number 3373668.

23. At all relevant times, Dust Bowl was acting as a repossession agent working at the behest of Westlake and MVC.

24. At all relevant times, Dust Bowl was a person using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

25. Dust Bowl is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

26. On or about August 14, 2020, Plaintiff purchased a 2015 Toyota Tundra (the "Vehicle") from non-party, Cody's Cars and Trucks, Inc.

27. Plaintiff purchased the Vehicle for his own personal, family, and household use.

28. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

4

29. Plaintiff financed the purchase of the Vehicle.

30. In connection with the transaction, Plaintiff executed a loan agreement ("the Contract"), which was subsequently assigned to Westlake.

31. As part of the Contract, the seller and its assignees obtained a security interest in the Vehicle.

32. The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

33. Westlake is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

34. Sometime later, Westlake engaged its repossession agents, MVC, to repossess the Vehicle.

35. MVC in turn hired Dust Bowl to carry out the actual repossession.

36. On or about June 17, 2023, Plaintiff and his girlfriend went to a local Panda Express for lunch.

37. They took their food to go and parked across the street in the parking lot of a local Walmart to eat.

38. As Plaintiff and his girlfriend sat in the Vehicle, Dust Bowl, or one of his employees, located the vehicle and decided to repossess it.

39. Dust Bowl crashed its tow truck into Plaintiff's Vehicle, and attempted to force a tow bar under the Vehicle's tires.

40. Plaintiff, thinking Dust Bowl had collided with his Vehicle accidentally, moved the Vehicle a few feet forward.

5

41. Dust Bowl responded by following Plaintiff's movements.

42. Realizing that the collision was no accident, Plaintiff fled the scene.

43. Dust Bowl followed and caught up with Plaintiff at a stop light.

44. Dust Bowl told Plaintiff he was taking the Vehicle, by force if necessary.

45. In response, Plaintiff unequivocally protested the repossession.

46. Instead of ceasing the repossession, Dust Bowl elected to take the Vehicle by force and intimidation.

47. Dust Bowl began yelling at Plaintiff and leveled a series of threats at him.

48. Dust Bowl advised Plaintiff he could leave the Vehicle voluntarily or by force.

49. Terrified, Plaintiff fled the scene and Dust Bowl gave chase.

50. As a result, a high speed chase erupted that continued for miles.

51. As a result, the Vehicle was damaged.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## MVC AND DUST BOWL

52. Plaintiff repeats and re-alleges each factual allegation contained above.

53. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

54. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

55.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) ("[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.").

56. Plaintiff loudly and unequivocally protested the repossession.

57. Once Plaintiff protested the repossession, Dust Bowl lost the right to continue with the repossession.

58. Nonetheless, Dust Bowl continued with the repossession and thereby breached the peace.

59. A repossession agent's use of force is a breach of the peace. *Brees v. Courtesy Ford, Inc.*, 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Scroggins v. City of Kankakee*, 2007 WL 2681235 (C.D. Ill. Aug. 16, 2007) (repossession that led to physical confrontation and required police intervention was breach of peace*); Pease v. Havelock Nat'l Bank*, 351 F. Supp. 118 (D. Neb. 1972); *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace); *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283 (Ariz. Ct. App. 1980); *Kensinger Acceptance Corp. v. Davis*, 269 S.W.2d 792 (Ark. 1954); *Silverstin v. Kohler & Chase*, 183 P. 451 (Cal. 1919); *Besner v. Smith*, 178 A.2d 924 (D.C. 1962); *C.I.T. Corp. v. Brewer*, 200 So. 910 (Fla. 1941); *C.I.T. Corp. v. Reeves*, 150 So. 638 (Fla. 1933); *Thrasher v. First Nat'l Bank of Miami*, 288 So. 2d 288 (Fla. Dist. Ct. App. 1974); *McDowell v. Talcott*, 183 So. 2d 592 (Fla. Dist. Ct. App. 1966); *Roach v. Barclays-American/Credit Inc.*, 298 S.E.2d 304 (Ga. Ct. App. 1982); *Nicholson's Mobile Home Sales Inc. v. Schramm*, 330 N.E.2d 785 (Ind. Ct. App. 1975); *Singer Sewing Mach. Co. v. Phipps*, 94 N.E. 793 (Ind. Ct. App. 1911); *C.F. Adams Co. v. Saunders*, 66 S.W. 815 (Ky. 1902); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d

164 (La. Ct. App. 1943); *Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931); *Bettis v. Singer Sewing Mach. Co.*, 10 Pelt. 273 (La. Ct. App. 1913); *Lambert v. Robinson*, 37 N.E. 753 (Mass. 1894); *Drury v. Hervey*, 126 Mass. 519 (1879); *Levi v. Brooks*, 121 Mass. 501 (1877); *Witcuke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. Ct. App. 1976) (bank liable for battery on debtor by its repossessing agent); *Kirkwood v. Hickman*, 78 So. 2d 351 (Miss. 1955); *Spangler-Bowers v. Benton*, 83 S.W.2d 170 (Mo. Ct. App. 1935); *Bordeauz v. Hartman Furniture & Carpet Co.*, 91 S.W. 1020 (Mo. Ct. App. 1905); *Peddie v. Gally*, 95 N.Y.S. 652 (N.Y. App. Div. 1905); *Regg v. Buckley-Newhall Co.*, 130 N.Y.S. 172 (N.Y. Sup. Ct. 1911); *O'Connell v. Samuel*, 30 N.Y.S. 889 (N.Y. Sup. Ct. 1894); *Lamb v. Woodry*, 58 P.2d 1257 (Or. 1936); *Reight v. Hamburger*, 81 Pa. Super. Ct. 571 (1923); *Harris Truck & Trailer Sales v. Foote*, 436 S.W.2d 460 (Tenn. Ct. App. 1968); *Godwin v. Stanley*, 331 S.W.2d 341 (Tex. Civ. App. 1959); *Gerstein v. C.F. Adams Co.*, 173 N.W. 209 (Wis. 1919).

60. By colliding with the Vehicle while it was occupied, Dust Bowl used force on the bodies of Plaintiff and his girlfriend during the attempted repossession.

61. By using force during the attempted repossession, Dust Bowl breached the peace.

62. A repossession agent breaches the peace if he levels threats of force. *See Winters v. Corry Fed. Credit Union*, 2016 WL 7375042 (W.D. Pa. Dec. 20, 2016) (threats of force constitute breach of peace thus allegation that repossession agent threatened to drag vehicle down road with debtor and her granddaughter in it state a claim for breach of peace); *In re Daniel*, 137 B.R. 884 (D.S.C. 1992) (threat to move mobile home with

9

protester in it was breach of peace); *Makepeace v. Chrysler Motors Corp.*, 1981 WL 5572 (Ohio Ct. App. May 8, 1981) (threat to run over neighbor who, at owner's instruction, was blocking driveway to prevent repossession).

63. Dust Bowl breached the peace by threatening to take the Vehicle by force.

64. Additionally, Dust Bowl breached the peace by engaging in a high-speed pursuit.

65. A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

66. By continuing with the repossession after it lost the right to do so, Dust Bowl violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

67. MVC, as the debt collector that hired Dust Bowl, is liable for Dust Bowl's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Dust Bowl violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that MVC is liable for Dust Bowl's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
## WESTLAKE

68. Plaintiff repeats and re-alleges each factual allegation contained above.

69. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

70. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

71. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See* Official Comment 3 to TEX. BUS. & COM. CODE § 9.609 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *see also Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *McCall v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047

(Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

72. Westlake's repossession agent, Dust Bowl, breached the peace by using force on the bodies of Plaintiff and his girlfriend, continuing the repossession in the face of Plaintiff's protest, threatening violence, and engaging in a high-speed pursuit.

73. Westlake violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agents, Dust Bowl, breached the peace to repossess Plaintiff's Vehicle.

74. In violating Plaintiff's rights under TEX. BUS. & COM. CODE § 9.609(b)(2), Westlake's repossession agents acted with malice and/or gross neglect.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Westlake violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b) Awarding Plaintiff statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

75. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 21, 2024

                                    Respectfully submitted,

                                    <u>/s/ Russell S. Thompson, IV</u>
                                    Russell S. Thompson, IV
                                    Thompson Consumer Law Group, PC
                                    11445 E Via Linda, Ste. 2 #492
                                    Scottsdale, AZ 85259
                                    Telephone:     (602) 388-8898
                                    Facsimile:       (866) 317-2674
                                    rthompson@ThompsonConsumerLaw.com

                                    Attorneys for Plaintiff